UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JIMMY ADAMS | CIVIL ACTION |
| VERSUS | NO. 20-281 |
| WARREN MONTGOMERY, DISTRICT ATTORNEY | SECTION "F"(2) |

## REPORT AND RECOMMENDATION

Plaintiff, Jimmy Adams, is a prisoner currently incarcerated in the Natchitoches Parish Detention Center in Natchitoches, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 ("Section 1983"). Record Doc. No. 1 (Complaint at p. 1). He sued Warren Montgomery, District Attorney for the 22nd Judicial District of Louisiana.

Adams alleges that on October 24, 2014, he was arrested and held on false charges of aggravated rape, sexual battery and molestation of a juvenile, and that the charges were dropped on July 29, 2019. Record Doc. No. 1 (Complaint at ¶ IV). He writes that the district attorney "maliciously and vindictively prosecuted" him, and that while awaiting prosecution, he was convicted and sentenced to five years in prison for second degree battery due to an incident in the jail. Id. Adams alleges that he would not have been involved in that incident but for the malicious prosecution and denial of speedy trial and other pretrial motions. Id. He writes that the district attorney vindictively breached Adams's June 21, 2016 plea agreement concerning the second degree battery conviction when his five-year sentence was vacated on May 23, 2019, and he was re-sentenced to 20 years in

prison. Id. Adams seeks $300,000 in monetary damages for the allegedly false sex offense charges brought against him and the district attorney's alleged malicious prosecution. Record Doc. No. 1 (Complaint at ¶ V). Adams also seeks injunctive relief in the form of enforcement of the original plea agreement and imposition of a five-year prison sentence for the district attorney's alleged breach of the plea agreement. Id.

## ANALYSIS

I.  STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law

"'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore, 976 F.2d at 269. A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

In this case, plaintiff's complaint must be dismissed for asserting claims for monetary relief against a defendant who is immune from such relief, as legally frivolous and/or for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1); or pursuant to Heck v. Humphrey, 512 U.S. 477

(1994). Plaintiff's claims are legally frivolous and fail to state a claim even under the broadest reading.[1]

### III. BREACH OF THE 2016 PLEA AGREEMENT CLAIM

Adams alleges that defendant vindictively breached his June 21, 2016 plea agreement concerning his second degree battery conviction when his original five-year sentence was vacated on May 23, 2019, and he was re-sentenced to serve 20 years in prison. Record Doc. No. 1 (Complaint at ¶ IV). This claim must be dismissed at this time under Heck v. Humphrey, 512 U.S. 477 (1994). Adams's conviction and confinement for second degree battery have not been set aside in any of the ways described in Heck. Thus, the claim for relief that plaintiff asserts against defendant, challenging Adams's continued confinement and conviction, is premature and must be dismissed.

In Heck, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state criminal charges or confinement, which have not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make

---

[1] The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011), cert. denied, 132 S. Ct. 1746 (2012) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486–87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in Heck concerned a civil action for monetary damages, the Fifth Circuit has also applied Heck when the plaintiff seeks injunctive relief. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (citing Edwards v. Balisok, 520 U.S. 641 (1997)).

Adams's second degree battery conviction has not been set aside in any of the ways described in Heck. Thus, his claim concerning defendant's alleged vindictive breach of Adams's June 21, 2016 plea agreement in violation of Section 1983 is premature and must be dismissed, until such time, if ever, that his criminal conviction is set aside. As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claim is with prejudice to being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

IV.   FALSE CHARGES/MALICIOUS PROSECUTION CLAIMS

Plaintiff asserts claims for damages against District Attorney Montgomery based solely upon his actions as a prosecutor in connection with Adams's state court sex offense criminal proceedings. To the extent that Adams asserts these claims against this defendant in his individual capacity, he is immune from suit.

Courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 227–29 (1988); accord Hill v. City of Seven Points, 31 Fed. Appx. 835, 2002 WL 243261, at *10 (5th Cir. 2002); Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995).

It is well-established that prosecutors are immune from liability under Section 1983 for actions taken as an advocate in pursuit of a criminal prosecution. Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Quinn v. Roach, 326 Fed. Appx. 280, 2009 WL 1181072, at *9 (5th Cir. 2009); Hill, 2002 WL 243261, at *10. This immunity applies to a prosecutor's actions in "initiating prosecution and carrying [a] criminal case through the judicial process." Id. (quotation omitted); accord Buckley v. Fitzsimmons, 509 U.S. 259, 270, 272 (1993); Quinn, 2009 WL 1181072, at *9.

Thus, "[a] prosecutor enjoys absolute immunity from personal liability . . . under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976)); accord Quinn, 2009 WL 1181072, at *9; Hill, 2002 WL 243261, at *10. "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Kerr v. Lyford,

171 F.3d 330, 337 & n.10 (5th Cir. 1999), abrogated in part on other grounds by Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003) (quotation omitted); accord Champluvier v. Couch, 309 Fed. Appx. 902, 2009 WL 320829, at *1 (5th Cir. 2009); Hill, 2002 WL 243261, at *10.

In the instant case, the actions of the district attorney concerning since-dismissed sex offense criminal charges against Adams in state criminal court form the exclusive basis of plaintiff's claims against him. The district attorney's actions in initiating and pursuing Adams's prosecution and conviction fall well within the ambit of the judicial phase of the criminal process for which prosecutors are immune from liability. Plaintiff has failed to allege any action in which the district attorney was functioning outside the scope of prosecutorial immunity. Therefore, all damages claims against Montgomery in his individual capacity must be dismissed.

To whatever extent, if any, that plaintiff's claims of false charges and malicious prosecution can be construed as a claim against Montgomery in his official capacity as the District Attorney for the 22nd Judicial District of Louisiana, this claim must be dismissed "because [Adams does] not sufficiently allege that [Montgomery] acted pursuant to a municipal policy or custom." Sharp v. Palmisano, 2013 WL 5969661, at *4 (E.D. La. Nov. 8, 2013).

> Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985)(quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n. 55 (1978)) (quotation

marks removed). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity ." Id. at 166.

"[A] governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation." Id. (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981)) (quotation marks removed). "[T]hus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. at 694).

"[A] policy may be either a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's governing body (or by one or more officials to whom the governing body has delegated policy-making authority), or a persistent, widespread practice of city officials or employees that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official municipal policy." McConney v. City of Houston, 863 F.2d 1180, 1184 (5th Cir.1989). "Isolated instances, on the other hand, are inadequate to prove knowledge and acquiescence by policymakers." Id.

Sharp, 2013 WL 5969661, at *5.

Adams asserts no facts whatsoever to state a claim that Montgomery's allegedly bringing false charges against him and maliciously prosecuting him were the result of an established policy or custom. "Without specific factual allegations regarding other instances of [false charges and] malicious prosecution, the allegations against [Montgomery] describe no more than an isolated incident of [false charges and] malicious prosecution, which does not trigger official liability." Id. (citing Yates v. Unidentified Parties, 73 F. App'x 19, 20 (5th Cir.2003)). Thus, to whatever extent, if any, that Adams asserts a claim against Montgomery in his official capacity, this claim must be dismissed.

## **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for asserting claims for monetary relief against a defendant who is immune from such relief, as legally frivolous and/or for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1); or pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this ___6th___ day of February, 2020.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.